UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

AMA CAPITAL PARTNERS, LLC,

          Plaintiff,

          -against-

SERGIO DEL BENE, INVERSIONES
PATAGONIA LTDA., and DEL BENE
INVERSIONES S.A.,

          Defendants.

------------------------------------------------------------ x

08 CV 4285 (AKH)

**STIPULATED**
**PROTECTIVE ORDER**

With the consent of all parties hereto (the "Parties"), the Court hereby enters this Stipulated Protective Order:

1. All discovery materials and information provided or obtained by production of documents, interrogatories, or other court process or procedure in this case ("Discovery Materials") produced by the Parties or any other individual or entity, including non-parties (collectively, the "Producing Entities"), in connection with the above litigation (the "Litigation"), labeled "Confidential" shall be used solely for the purposes of this litigation and for no other purpose, subject to further order of the Court. Such Discovery Materials shall not be disclosed to any person or entity in any manner except as specifically permitted under this Order. The restrictions on use and disclosure of such Discovery Materials also apply to any and all copies and to information contained in the Discovery Materials.

2. Notwithstanding the designation of documents or deposition transcripts as "Confidential" said documents or testimony shall not be deemed "Confidential" and shall not be subject to this Stipulated Protective Order if the substance of said documents or testimony:

    a.    has already been disseminated by the Producing Entity to another

Party without any obligation of confidence;

  b. is, at the time of disclosure by the Producing Entity, public knowledge by publication or otherwise;

  c. becomes at any time, through no act or failure to act on the part of any recipient Party and without breach of any obligation of confidence, public knowledge; or

  d. has been made available to any recipient Party by a third party who obtained the same by legal means without any obligation of confidence to the Producing Entity.

3. Notwithstanding anything in this Stipulated Protective Order to the contrary, any person may be shown Discovery Material designated "Confidential" (i) that states clearly on its face that it was generated or received by that person or communicated to that person prior to and apart from this action, or (ii) that testimony or other documents clearly state was generated or received by that person or communicated to that person prior to and apart from this action. Should any Discovery Material be shown to any person pursuant to this Section, it shall not act as a waiver of the Confidential designation of the Discovery Materials that were shown.

4. Any Producing Entity may designate as "Confidential" any Discovery Material that it produces in this Litigation that contains trade secrets or other confidential research, financial, personnel, development, accounting, commercial, or personal information ("Confidential Material").

5. Confidential Material may be provided only to counsel of record for the Parties and, unless otherwise directed by the Court, may be disclosed by such counsel only to the following

persons:

(i) undersigned counsel, and in-house or any outside counsel for a Party to the above-referenced action, and the employees of such attorneys, including regular and temporary employees, contractors, and agents;

(ii) current officers, directors, or employees of any of the Parties, solely to the extent such persons, in the good faith judgment of counsel, need to be consulted in connection with the conduct of the Litigation;

(iii) experts or consultants retained or considered for retention to assist counsel in connection with the Litigation, as well as employees of such experts or consultants;

(iv) independent photocopying, graphic production services, or litigation support services employed by the Parties or their counsel to assist in the Litigation and computer service personnel performing duties in relation to a computerized litigation system;

(v) actual or potential party or non-party fact witnesses, at or in preparation for deposition or court testimony, provided counsel making the disclosure has a reasonable basis to believe the witness will give relevant testimony regarding the designated Confidential Material;

(vi) the Court, court reporters, stenographers, Court personnel, jurors, and alternate jurors, if any; and

(vii) any other person whom the Producing Entity or other Party designating Discovery Material as "Confidential" agrees in writing may have access to such Discovery Material.

6. Each person given access to Confidential Material, pursuant to the terms hereof, shall be advised that the Confidential Material is being disclosed pursuant to and subject to the terms of this Stipulated Protective Order and may not be disclosed or used other than pursuant to the terms hereof. In addition, before any person described in paragraphs 5(iii), 5(v), 5(vii), or 10 is given access to Confidential Material of a Producing Entity with which such person is not affiliated, that person must read and agree in writing to be bound by the provisions of this Stipulated Protective Order. Persons authorized to receive Confidential Material and who are required to read and agree in writing to the terms of this Stipulated Protective Order shall (i) sign an acknowledgement in the form attached hereto as Exhibit A (to be retained by counsel making such Discovery Material available to that person) prior to being given access to such Discovery Material, or (ii), if such person refuses to execute an acknowledgement in the form attached hereto as Exhibit A, a Party may seek an Order from the Court permitting it to disclose the Confidential Material to that person upon such terms as the Court deems proper.

7. Pursuant to Rule 4(A) of the Individual Rules of the Honorable Alvin K. Hellerstein (the "Individual Rules"), the Parties shall not submit under seal "documents or other information in connection with a submission to the [C]ourt, except following a motion supported by competent evidence showing that sealing is essential to preserve higher values and is narrowly tailored to serve that interest."

8. Pursuant to Rule 4(B) of the Individual Rules, the Parties shall "cooperate in seeking to

4

resolve disputed issues of confidentiality prior to filing material designated as "[C]onfidential" . . . for example, by redaction of documents to be filed on the public record or by stipulation of facts. In the event that such issues are not resolved promptly, the [P]arties [shall] seek direction from the Court by a single, joint letter as described . . . in [Individual] Rule 2.E."

9. For motions made under Rule 6.1(a) of the Local Civil Rules of the Southern District of New York (the "Local Rules"), the Party filing the initial motion containing Confidential Material as designated by an opposing Party shall inform the designating Party of the filing Party's intent to file such Confidential Material at least 3 business days prior to filing such papers with the Court, and the Parties will then proceed as described in Paragraph 8 herein. Any party filing opposition or reply papers with regard to such motion, and containing Confidential Material as designated by an opposing Party, shall inform the designating Party of its intent to file such Confidential at least 1 business day prior to filing such papers with the Court, and the Parties will then proceed as described in Paragraph 8 herein.

10. For all other motions, including those made under Local Rule 6.1(b), at least 3 business days prior to filing papers with the Court containing Confidential Material as designated by an opposing Party, the filing Party shall inform the designating Party of its intent to file such Confidential Material and the Parties will then proceed as described in Paragraph 8 herein.

11. In the event that any party objects (the "Objecting Party") to the designation by the Producing Entity of any Discovery Material or testimony as Confidential Material, the Objecting Party's counsel shall advise counsel for the Producing Entity in writing of the objection and identify the Discovery Material with sufficient specificity to permit the other to identify it. If, after receiving such written notice, the Producing Entity wishes to continue to assert its

5

designation of Confidential, unless the matter is resolved by the Parties, the Objecting Party may file a motion requesting the Court to reject the Confidential status of the Discovery Material. On such motion, the Producing Entity shall bear the burden of convincing the Court of the Confidential status of the Discovery Material. Until the Court rules on the motion, the Discovery Material shall be treated as Confidential Material, as originally designated, subject to the provisions of this Stipulated Protective Order.

12. The failure to object to a designation at the time it is first made shall not be construed as a waiver of the right to raise such an objection.

13. Before or during a deposition and for up to 20 days after receipt of the transcript of that deposition, counsel for any party may designate portions of the deposition "Confidential." This may be done before or after a deposition by sending a letter to counsel for each party specifying the portion of the deposition and the designation to be applied. This may be done during a deposition by a comparable announcement on the record. The designated portions of the deposition shall be appropriately labeled by the court reporter. If the designation is made after the court reporter has prepared the transcript, then each counsel shall be responsible for appropriately labeling all of his or her copies of the deposition transcript.

14. If deposition testimony is designated "Confidential" before or during a deposition, then only authorized recipients as defined in paragraph 5 may attend the designated portion of the deposition. The court reporter for any deposition, any portion of which is designated as "Confidential" shall be informed of the terms of this Stipulated Protective Order and shall be subject to its terms.

15. In the case of documents, interrogatory answers, or other written Discovery Materials (apart from transcripts of depositions or other pretrial testimony), the designation of Confidential Material for the purposes of this Stipulated Protective Order shall be made by affixing the legend "Confidential" to each page containing any Confidential Material; and

16. The inadvertent failure to stamp a document as "Confidential" shall not be deemed a waiver of such claim of confidentiality. A Producing Entity may notify the other Parties that Discovery Materials that should have been designated as Confidential Material were produced without the appropriate designation. Upon receiving such notice from the Producing Entity, the Party shall (i) immediately treat the Discovery Material as if it had been so designated and (ii) place the appropriate designation on the Discovery Material within two working days of receipt of such notice. Notwithstanding any other provision of this Stipulated Protective Order, the Producing Entity shall hold the other Parties harmless if such newly-designated Confidential Material has already been disclosed to (i) persons not included in Paragraph 5 hereof, or (ii) to persons described in Paragraph 5 hereof who refuse to comply with Paragraph 6 hereof, and such persons are under no obligation to comply with Paragraph 6 hereof.

17. Any person to whom Discovery Materials are disclosed may reveal those Discovery Materials to others only in accordance with this Stipulated Protective Order and only for the purposes of litigating this case.

18. Counsel of record shall be required to notify their respective clients (and all persons associated with their respective clients who have access to any Discovery Materials) of their responsibilities pursuant to this Stipulated Protective Order.

19. The terms of this Stipulated Protective Order shall be in full force and effect for the period of this Litigation and shall remain in full force and effect upon resolution of any or all claims in this case. Unless otherwise ordered by the Court, within thirty (30) days of the final termination of this Litigation, whether by settlement or by judgment no longer subject to appeal, all Confidential Material supplied by any Producing Entity, and all copies thereof, shall be promptly returned to the Producing Entity or, with and upon the prior consent of said entity, shall be certified to have been destroyed. The foregoing shall not apply to any such Discovery Material that has been appended to any court papers or made a deposition or trial exhibit, otherwise subject to this Stipulated Protective Order.

20. The specification of appropriate safeguards concerning evidence at trial is specifically reserved for action by the Court or later agreement by the parties at or before trial.

21. The Parties agree to be bound by the terms of this Stipulated Protective Order, and shall continue to do so even after the final termination of this Litigation, until such time as the Court shall rule otherwise and, thereafter, the Parties shall be bound by any such ruling of the Court. This Court shall retain jurisdiction over the Parties to the extent necessary to enforce the obligations under this Stipulated Protective Order.

22. Any Party may apply to the Court for relief from, or modification of this Stipulated Protective Order, or for greater (or lesser) confidentiality protection with respect to any Discovery Material subject to this Stipulated Protective Order. Further, the Parties may agree in writing, from time to time, to alter or revise the provisions of this Stipulated Protective Order without the need of involving the Court.

23. Nothing contained in this Stipulated Protective Order shall restrict any Party's use of its own Confidential Material.

24. If any person receiving Discovery Material covered by this Stipulated Protective Order is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Discovery Material which was produced or designated as "Confidential" by any Producing Entity, the person receiving the subpoena or document demand shall give prompt written notice to counsel for the Producing Entity, reasonably cooperate with such Producing Entity in resisting production and shall, to the extent permitted by law, withhold production of the subpoenaed Discovery Material until any dispute relating to the production of such Discovery Material is resolved.

25. Evidence of the existence or non-existence of a designation under this Stipulated Protective Order shall not be admissible for any purpose, except in any proceeding concerning any violation or alleged violation of this Stipulated Protective Order.

26. In the event that information from Confidential Material is, either purposely or inadvertently, disclosed to someone not authorized to receive such information under this Stipulated Protective Order, or if any person so authorized breaches any of his or her obligations under this Stipulated Protective Order, counsel of record for the Party involved shall immediately give notice of such unauthorized disclosure or breach, including a full description of all non-privileged pertinent facts, to counsel of record for the Producing Entity that initially produced the Confidential Material. Without prejudice to other rights and remedies of the Producing Entity, counsel for the Party providing such notice shall make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information. Nothing in this paragraph shall preclude the Producing Party from seeking relief from the Court to prevent further disclosure of such information.

27. Nothing contained in this Stipulated Protective Order shall be construed as a waiver by any Party of its right to object on any other permissible grounds to any request for production of documents in this action, nor as a waiver by any Party of another Party's obligation to make proper responses to discovery requests. The execution of this Stipulated Protective Order shall not be construed as an agreement by any Party to produce any documents or to supply any information and shall not constitute an admission that any such documents that may exist are relevant or material in any way to the issues raised in the pending action or admissible in such action, nor as a waiver of any privilege with respect thereto.

28. This Stipulated Protective Order shall be binding on all Parties to the Litigation, as well as their counsel and other agents, and is intended to reach all conduct by such persons, whether undertaken in the United States or elsewhere.

29. This Stipulated Protective Order may be executed in counterparts by counsel for each Party separately.

Dated: New York, New York
          _____, 2009.

                                                  Consented to:

                                                  WOLLMUTH MAHER & DEUTSCH LLP
                                                  David H. Wollmuth
                                                  Vincent T. Chang
                                                  Thomas Filardo
                                                  500 Fifth Avenue
                                                  New York, New York 10110
                                                  (212) 382-3300
                                                  Attorneys for Plaintiff

                                                  REISS EISENPRESS LLP
                                                  Matthew Sheppe (MS-9406)
                                                  425 Madison Avenue, 11th Floor
                                                  New York, New York 10017-1110
                                                  (212) 753-2424
                                                  Attorneys for Defendants

SO ORDERED: 8/4/09

U.S.D.J.

11

## EXHIBIT A

## ACKNOWLEDGMENT

I, _____, hereby acknowledge that I have read the Stipulated Protective Order by and between AMA Capital Partners, LLC and Sergio Del Bene, Inversiones Patagonia Ltda and Del Bene Inversiones S.A. and I agree to be bound by the terms contained therein.

Signature: _____

Print Name: _____

Date: _____